UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

THEOPLOUS WHARTON,

       Plaintiff,

  -v-                                                                        No. 17 CV 1247-LTS-BCM

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

       Defendant.

-------------------------------------------------------x

<u>ORDER</u>

LAURA TAYLOR SWAIN, United States District Judge

## **ORDER ADOPTING REPORT & RECOMMENDATION**

       The Court has reviewed Magistrate Judge Barbara Moses's August 14, 2018 Report and Recommendation (the "Report") (Docket entry no. 29) in this action for judicial review of a decision of the Commissioner of Social Security (the "Commissioner") pursuant to 42 U.S.C. § 405(g), which recommends that the Court grant Plaintiff's motion for judgment on the pleadings and deny Defendant's cross-motion. The relevant facts are set forth in the Report, the underlying decision of the Administrative Law Judge ("ALJ"), and the administrative record (Docket entry no. 21). Defendant makes two objections to the Report and Plaintiff makes one.

       The Court has reviewed the objections of both parties carefully and adopts Judge Moses's Report in its entirety.

       In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."

28 U.S.C.A. § 636(b)(1)(C) (LexisNexis 2017).  To the extent that a party makes a specific objection to the magistrate's findings, the Court must make a de novo determination.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  Similarly, to the extent that a party makes only conclusory objections, or simply reiterates a previous argument before the magistrate, the Court reviews the Report strictly for clear error.  Pearson-Fraser v. Bell Atl., No. 01-CV-2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

The Court reviews Defendant's two specific objections de novo.  Defendant first objects to the Report's conclusion that the ALJ misapplied the treating physician rule, and further objects to the Report's finding that the ALJ failed to consider all of Plaintiff's functional limitations when determining that Plaintiff, despite his medical condition, could perform the full range of sedentary work.[1]  Having reviewed these objections de novo, the Court concurs in Judge Moses's analysis and adopts the relevant part of the Report.

Because Plaintiff's objection simply refers the Court to the argument he made in his original papers submitted to Judge Moses, the Court reviews this objection strictly for clear error.  Plaintiff objects to the Report's conclusion that the ALJ adequately explained why Plaintiff's spinal impairments did not meet or medically equal Listing 1.04A.  The Court finds no clear error in Judge Moses's analysis and conclusion.

---

[1] Defendant points out, and Judge Moses observes in her Report, that this issue was first raised in Plaintiff's reply brief. (Reply Memo, docket entry 28, at 2-3.) Defendant contends that Plaintiff waived his objection to the ALJ's evaluation of his functional limitations by failing to raise that objection in his initial brief. Based on the briefs in support of the objections to the Report, the Court has had the opportunity to consider the substantive arguments asserted by both sides, and agrees with Judge Moses that the ALJ failed to consider all of plaintiff's functional limitations when formulating his residual functional capacity report.

The Court therefore adopts the Report in its entirety for the reasons stated therein. Accordingly, Plaintiff's motion for judgment on the pleadings is granted, and Defendant's cross-motion is denied. The Commissioner's decision denying Plaintiff's application is reversed and the matter is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner for rehearing. On remand, the ALJ is ordered to (a) re-evaluate the Questionnaire completed by Plaintiff's treating physician in light of the issues and information discussed in the Report; and (b) assess all of the limitations caused by Plaintiff's severe impairments, including his diabetes and his spine and knee impairments.

This Order resolves docket entry nos. 24 and 26. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
March 28, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge